# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**GEORGE JACKSON (# 15150)**                                                     **PLAINTIFF**

**v.**                                                                                 **No. 4:07CV127-P-A**

**CHRISTOPHER EPPS, ET AL.**                                                **DEFENDANTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of George Jackson, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. For the reasons set forth below, the instant case shall be dismissed for failure to state a claim upon which relief could be granted.

### Factual Allegations

During the plaintiff's stay in Unit 29 in the Mississippi State Penitentiary, he was not permitted to attend Muslim services, but Christians were permitted to attend religious services. According to the grievance papers submitted with the complaint, the plaintiff was not permitted to attend Muslim services because he had not filled out the prison form to change his religious affiliation. In addition, the plaintiff's custody status was downgraded upon implementation of the Objective Classification System adopted by the Mississippi Department of Corrections. He has not committed any rule violations in approximately two years; however, his custody level has not been upgraded.

## *Sandin*

The plaintiff's claim regarding his custody classification does not implicate the Due Process Clause or any other constitutional protection. *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995). "States may under certain circumstances create liberty interests which are protected by the Due Process Clause [, but] these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* 115 S. Ct. at 2300 (citations omitted). In the *Sandin* case, the discipline administered the prisoner was confinement in isolation. Because this discipline fell "within the expected parameters of the sentence imposed by a court of law," *id*. at 2301, and "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest," *id*., the Court held that neither the Due Process Clause itself nor State law or regulations afforded a protected liberty interest that would entitle the prisoner to the procedural protections set forth by the Court in *Wolff v. McDonnell*, 418 U.S. 539, 41 L. Ed. 2d 935 (1974). *See also Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000) (holding prisoner's thirty-day loss of commissary privileges and cell restriction due to disciplinary action failed to give rise to due process claim). In this case, the plaintiff's custody level was downgraded, but the lower custody level did not "impose[] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* 115 S. Ct. at 2300 (citations omitted). Instead, it fell "within the expected parameters of the sentence imposed by a court of law." *Id*. at 2301. As such, the plaintiff's claims regarding his custody level must be dismissed for failure to state a claim upon

which relief could be granted.

## Right to Free Exercise of Religion

The plaintiff also complains that he is not permitted to attend Muslim religious services, although similarly situated Christian prisoners are permitted to attend religious services. The documents attached to the complaint, however, reveal that the plaintiff had not filled out the prison form to designate his religion as Islam. The requirement of such a form is necessary to the orderly administration of the prison, as prisons accommodate religious services and dietary practices of numerous faiths. As the plaintiff had not adhered to the administrative requirements to change his religious preference, his claim regarding freedom of exercise must fail.

In sum, all of the plaintiffs claims shall be dismissed with prejudice. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 17th day of September, 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE